UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                    No. 02-4870

DARONE LAMONT CRAWFORD,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CR-02-276-4)

Submitted: July 10, 2003

Decided: July 16, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Hervery B.O. Young, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Darone Lamont Crawford appeals from his convictions and 244-month sentence following a guilty plea to Hobbs Act robbery and unlawfully using a firearm during a crime of violence. Crawford's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises two issues: whether the court abused its discretion by granting an upward departure without a motion from the Government and whether the presentence report was improperly amended after no objections were made to the original report. Finding no reversible error, we affirm.

After Crawford's guilty plea, the presentence report ("PSR") was prepared and indicated that there was no information warranting a departure. No objections were tendered by either the Government or Crawford. At the initial sentence hearing, the Government mentioned that Application Note 5 of *U.S. Sentencing Guidelines Manual* § 2B3.1 (2002) might apply to warrant an upward departure. The district court continued the sentencing hearing. The probation officer revised the PSR to state that an upward departure might be warranted. At the second sentencing hearing, the court departed upward based on § 2B3.1, comment. (n.5).

Crawford first contends that the district court erred in departing upward without an express motion by the Government. However, the court may depart on grounds not identified by either the PSR or the parties, so long as proper notice is given. *See* Fed. R. Crim. P. 32(h). Because the parties had nearly two months to file any objections, we find that the notice was reasonable, and the district court did not err in departing upward on its own motion.

Second, Crawford asserts that the probation officer was not permitted to amend the PSR after the time for objections had passed. Because the parties had a reasonable time to respond to any amendments, we find no error.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We there-

fore affirm Crawford's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*